IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALLSTATE INDEMNITY COMPANY,    :
    :
    Plaintiff,    :
    :
vs.    : CIVIL ACTION NO. 11-00516-KD-B
    :
NICKY ARDELL REED,    :
    :
    Defendant.    :

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Nicky Ardell Reed's Motion to Dismiss (Doc. 8) on the grounds that this Court lacks subject matter jurisdiction. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the motion, supporting briefs and Plaintiff's response in opposition (Docs. 8-1, 12, 13), the undersigned hereby RECOMMENDS, for the reasons stated herein, that Defendant's Motion to Dismiss be **granted.**

## I. Background

Plaintiff Allstate Indemnity Company (hereinafter Plaintiff or Allstate) filed this declaratory action seeking a declaration that it has no obligation or duty to pay or provide coverage under Manufactured Home Policy no. 0199058330 issued to Defendant Nicky Ardell Reed for his house located at 47 Alice Echols Road, McIntosh, Alabama. (Doc. 1). The policy provides

coverage for (1) the actual cash value of the dwelling; (2) the actual cash value of other structures up to $4,763; (3) the actual cash value of personal property up to $23,813; and (4) additional living expenses for up to three months. (Doc. 8-1) The subject property was destroyed by fire on April 15, 2011, and at the time of the fire, policy no. 0199058330 was in force. According to Allstate, Reed subsequently filed a proof of loss claiming contents valued at $43,400, and during the investigation following the fire, Reed, under oath, indicated that although it is not contained in his proof of loss, he is also seeking the value of the house which he purchased for $38,000. Allstate also contends that while under oath, Reed made material misrepresentations regarding the value of the contents in the house at the time of the fire, and about whether he was residing in the house at the time of the fire. Allstate claims that diversity jurisdiction exists under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Allstate seeks a declaration that the policy is void and of no effect as a result of Reed's material misrepresentations. (Doc. 1).

Reed filed the instant motion seeking the dismissal of this action on the ground that this Court lacks subject matter jurisdiction. (Doc. 8). Reed does not dispute Allstate's assertion that it is incorporated in Illinois, and that Reed is

a resident of the state of Alabama. Reed instead contends that Allstate has failed to establish that the amount in controversy exceeds $75,000. According to Reed, while he prepared an inventory of the personal items damaged as a result of the fire and placed their value at $43,000, he has not made a demand for that amount. Reed states that under the policy, the maximum amount that he can claim for the contents of the home is $23,813, and that the actual cash value of the home at the time of the fire was $43,400; thus, he is claiming entitlement to $67,213 under the policy. Reed argues that because this amount is less than the $75,000 required to confer jurisdiction on this Court, this action is due to be dismissed.

## II.  Discussion

In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.  In this case, Allstate, which is the party seeking to invoke federal jurisdiction, bears the burden of proving that federal jurisdiction exists. See Williams v. Best Buy Co., 269 F. 3d 1316, 1319 (11th Cir. 2001). In conjunction with a declaratory judgment[1], the plaintiff's burden has been described as follow:

---

[1]  "The operation of the Declaratory Judgment Act is procedural only". Household Bank v. JFS Group, 320 F. 3d 1249, 1253 (llth Cir. 2003)(citations omitted). The party seeking relief under (Continued)

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F. 3d 1069, 1077 (11th Cir. 2000)(citation omitted). A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. St. Paul Mercury Indem. Co. v. Red. Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L.Ed. 845 (1939).

Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Red Cab Co., 303 U.S. at 289, 58 S. Ct. at 590. However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. Tapscott v. MS Dealer Serv. Corp., 77 F. 3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F. 3d 1069, 1072-77 (11th Cir. 2000).

To meet its burden, the party seeking to invoke federal jurisdiction may produce a document from the nonmoving party that contains an unambiguous statement that clearly establishes

---

the Declaratory Judgment Act must allege facts establishing an independent basis for a district court's exercise of jurisdiction. Id.

federal jurisdiction. <u>Lowery v. Ala. Power Co.</u>, 483 F. 3d 1184, 1212 n.63 (11th Cir. 2007).[2]  In this case, the Complaint filed by Plaintiff does not contain an unambiguous statement that clearly establishes the jurisdictional amount. Instead, as noted supra, Plaintiff contends that Defendant demanded $81,400 and in support thereof, asserts that Defendant submitted a "proof of loss" for $43,400 for the contents of the house, and under oath, he testified that he purchased the house for approximately $38,000. Plaintiff also argues that because the face value of the policy provides coverage in excess of $75,000, that too is evidence that the amount in controversy has been met.

The undersigned notes, as a preliminary matter, that in a declaratory judgment action concerning the application of an insurance policy to a particular occurrence, courts look beyond the policy limits and instead measure the amount in controversy by the actual value of the underlying claim — not the face value of the policy. <u>See</u> <u>Auto-Owners Ins. Co. v. Scott</u>, 2009 U.S. Dist. LEXIS 84745 (M.D. Ga. Sept. 16, 2009). "While a low policy limit may be relevant in showing that the monetary value of the action to the insurer does not reach the jurisdictional

---

[2]  While <u>Lowery</u> was a removal case, the Eleventh Circuit has held that case law addressing the jurisdictional amount in the removal context is analogous in a declaratory context. <u>Federated Mut. Ins. Co. v. McKinnon Motors</u>, 329 F.3d 805, 807 n.1 (11th Cir. 2003).

threshold, a high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit." Employers Mut. Cas. Co. v. Parker Towing Co., Inc., 2007 U.S. Dist. LEXIS 94584 (S.D. Ala. Dec. 27, 2007); See also Hartford Insurance Grp. v. Lou-Con, Inc., 293 F. 3d 908, 911 (5th Cir. 2002)([I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim - not the face amount of the policy."). Thus, the fact that the policy may provide in excess of $75,000 in coverage is not sufficient to establish the jurisdictional amount.

Further, Plaintiff has not presented any documents which establish that the amount in controversy has been met. Reed, on the other hand, has submitted a copy of the policy, and his affidavit. (Doc. 8-1, pgs. 5-19). The declarations page reflects coverage for the actual value of the dwelling, which Reed places at $43,000, and which Plaintiff does not dispute. The declarations page also places a limit of $23,813 on personal property. Plaintiff contends that Reed submitted a proof of loss claim for contents valued at $43,000, whereas Reed contends that he completed an "inventory form" in which he calculated the value of the personal items damaged in the fire at $43,000.

According to Reed, he is seeking the maximum amount under the policy, $23,813, for the personal items. Plaintiff has not submitted a copy of a proof of loss claim nor any other document from Reed containing a demand of $43,000 for personal items. Therefore, the undersigned finds, based on the record before the Court, that Plaintiff has not established that Reed is seeking in excess of $23,813 for personal items, or that he has at anytime made a demand for such amount under the policy.

Likewise, although the policy provides coverage for up to $4,763 for "other structures" and for three months of living expenses, Plaintiff has not produced any evidence suggesting that Reed has demanded any compensation for these two categories of expenses. Accordingly, the undersigned finds that the preponderance of the evidence before the Court does not establish that the amount in controversy has been met. At best, the preponderance of the evidence places the amount in controversy at $67,213, which is not sufficient to meet the case in controversy requirement. The undersigned therefore recommends that this case be dismissed without prejudice for lack of subject matter jurisdiction.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **9th** day of **February, 2012.**

        **/s/ Sonja F. Bivins**

        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection.** Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


DONE this **9th** day of **February, 2012.**


            /s/ SONJA F. BIVINS
      UNITED STATES MAGISTRATE JUDGE