IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLSTATE INDEMNITY COMPANY,** : | |
| : | |
|     **Plaintiff,** : | |
| : | |
| vs. : | Civil Action No. 11-0516-KD-B |
| : | |
| **NICKY ARDELL REED,** : | |
| : | |
|     **Defendant.** : | |

## ORDER

This action is before the Court on Magistrate Judge Sonja F. Bivins' Report and Recommendation in regard to defendant Nicky Ardell Reed's motion to dismiss and the objection filed by plaintiff Allstate Indemnity Company (docs. 8, 21, 24). Upon *de novo* review, the Court adopts the Report and Recommendation as the opinion of the Court with the following revision:

On page seven of the Report and Recommendation, the following language is stricken:

Plaintiff has not submitted a copy of a proof of loss claim nor any other document from Reed containing a demand of $43,000 for personal items.

(doc. 21, p. 7).

It is inconsequential whether the insured has filed a claim for $43,000 for personal property because the most an insured can recover under the policy for loss of personal property is $23,813. Thus, it is undisputed that the amount in controversy is no more than $67,213 ($43,400 - claimed actual value of the dwelling - plus $23,813.00 - policy limits for loss of personal property). In *Payne v. State Farm Mut. Auto. In. Co.*, 266 F. 2d 63 (5th Cir. 1959),[1] the court

---

[1] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard,*
(Continued)

1

explained:

> The sum a plaintiff claims usually controls the jurisdictional amount. If, however, it appears to a legal certainty that the claim is for less than the jurisdictional amount, the complaint should be dismissed. . . .
>
> If there is one situation where the amount of a claim can be determined with legal certainty, it is in a case when a claim is asserted on an insurance policy limiting liability. Thus, in *Schacker v. Hartford Fire Insurance Company*, 1876, 93 U.S. 241, 23 L.Ed. 862, the Court affirmed dismissal of a complaint for lack of jurisdiction, because of a policy limitation to $1400, although the plaintiff's allegations of damage satisfied the jurisdictional amount. In *Colorado Life Co. v. Steele*, 8 Cir., 1938, 95 F.2d 535, 536, the court looked to the recovery limitations in the disability clauses of a life insurance policy to determine jurisdictional amount. What the court said there applies equally well here:
>
>> 'If from the nature of the case as stated in the petition there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid * * * at a sum larger than the jurisdictional amount * * * Therefore, while the prayer here is for an amount far above the jurisdictional requirement, this court must examine whether it is legally possible for plaintiff to recover a sum equal to the jurisdictional amount upon the cause of action alleged in the petition.'

*Payne*, at 64-65.

Accordingly, defendant Reed's motion to dismiss for lack of subject matter jurisdiction is

GRANTED.

DONE this the 29th day of February, 2012.

s/ Kristi K. DuBose<br>
KRISTI K. DuBOSE<br>
UNITED STATES DISTRICT JUDGE

---

*Alabama*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).